UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOUHDEE NASSERDDINE,

    Plaintiff,

v.                                                               Civil Case No. 16-12138
                                                              Honorable Linda V. Parker

UNITED STATES CUSTOM AND
BORDER PROTECTION, and
R. GIL KERLIKOWSKE, in his
official capacity as the Commissioner
of the United States Custom and Border
Protection,

    Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

This lawsuit arises from the administrative seizure of $15,675 in U.S. currency from Plaintiff Mouhdee Nasserddine at the Detroit Metropolitan Airport on August 4, 2015. Defendant United States Customs and Border Protection ("CBP") provided formal notice to Plaintiff and an opportunity to respond to the forfeiture proceedings on August 7, 2015. Plaintiff seeks to set aside the administrative seizure pursuant to 18 U.S.C. § 983(e), alleging the forfeiture was constitutionally deficient. (ECF No. 1.)

Presently before the Court is Defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), filed April 17, 2017. (ECF No.

20.) Plaintiff filed a brief responding to the motion on June 8, 2017. (ECF No. 24.) Defendants filed a reply brief on June 20, 2017. (ECF No. 25.) Finding the facts and legal arguments sufficiently presented in the parties' briefs, the Court is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f).

I.  **Factual Background**

On August 4, 2015, Plaintiff and his mother were at the Detroit Metropolitan Airport scheduled to depart on an international flight. (ECF No. 1 at Pg ID 5.) Plaintiff and his mother were selected for a routine examination, and the CBP officer noticed they were carrying large sums of cash. (*Id.* at Pg ID 18.) When inquiring as to the amount of cash they each were carrying, Plaintiff indicated he and his mother were carrying $8,000 each. (*Id.*) Upon further inspection, the CBP officer discovered all of the money belonged to Plaintiff, which totaled $15,675. (*Id.* at Pg ID 17-18.) Plaintiff was in violation 31 U.S.C. § 5316(a)[1] for failing to report cash that exceeded $10,000 for international travel. Plaintiff told the CBP

---

[1] (a) Except as provided in subsection (c) of this section, a person or an agent or bailee of the person shall file a report under subsection (b) of this section when the person, agent, or bailee knowingly—
    (1) transports, is about to transport, or has transported, monetary instruments of more than $ 10,000 at one time—
    (A) from a place in the United States to or through a place outside the United States; or
    (B) to a place in the United States from or through a place outside the United States; or .
    . . .

2

officer he gave his mother some of his money because he did not want to be over $10,000. (*Id.* at Pg ID 18.) CBP seized the unreported funds pursuant to 31 U.S.C. § 5317(c)(2), which permits civil forfeiture for violations of § 5316.

On August 7, 2015, CBP sent Plaintiff a letter through certified mail, titled "Notice of Seizure" advising Plaintiff that his property was seized and subject to civil forfeiture. (*Id.* at Pg ID 17.) In the letter, Plaintiff was given several options, including: (1) to file a petition within thirty days from the date of letter seeking release of the property; (2) to seek court action no later than September 12, 2015; or (3) to take no action and CBP would initiate nonjudicial forfeiture proceedings within thirty-five days from the date of the letter. (*Id*. at Pg ID 17-18.)

Plaintiff, though his attorney, sent CBP a letter on September 3, 2015 requesting a 60 day extension in order for Plaintiff to gather documents to support his claim, many of which were from Lebanon. (*Id.* at Pg ID 15.) On October 9, 2015, Plaintiff, through his attorney, sent CBP a second letter requesting that CBP halt the forfeiture proceedings and stated, "we have been attempting to gather the required bank statements, tax returns, medical documentation, affidavits, and other evidence to make your determination as easy as possible. There has also been delay due to the Muslim holiday and getting documents from overseas." (*Id.* at Pg ID 23.) Finally, on October 23, 2015, Plaintiff submitted his petition to CBP with supporting documents. (*Id*. at Pg ID 25.)

On February 26, 2016, CBP sent Plaintiff a formal letter advising Plaintiff that the petition filed on October 23, 2015 was "untimely and would not be considered and that administrative forfeiture proceedings had been initiated." (*Id.* at Pg ID 13.)

## II. Applicable Standards

A motion to dismiss pursuant to Rule 12(b)(1) challenges the Court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Where subject matter jurisdiction is challenged under this rule, the plaintiff bears the burden of proving jurisdiction. *Moir v. Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks. Fed. R. Civ. P. 12(b)(1); *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).

A facial attack challenges the sufficiency of the pleading itself. In that instance, the court accepts the material allegations in the complaint as true and construes them in the light most favorable to the nonmoving party. *Ritchie*, 15 F. 3d at 598 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 235-37 (1974)). In contrast, a factual attack is "not a challenge to the sufficiency of the pleading's allegation, but a challenge to the factual existence of subject matter jurisdiction." *Id*. Where the motion presents a factual attack, the court does not afford a presumption of truthfulness to the allegations but weighs the evidence to determine whether

subject matter jurisdiction exists. On a factual attack, the court has broad discretion to consider extrinsic evidence, including affidavits and documents, and can conduct a limited evidentiary hearing if necessary. *See DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004); *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir.1990).

## II. Applicable Law and Analysis

The Civil Asset Forfeiture Recovery Act of 2000, 18 U.S.C. § 983, ("CAFRA") sets forth the procedures for civil forfeitures. 18 U.S.C. § 983(a)(1)(A)(i) provides, in pertinent part, what is required of the Government in civil forfeiture proceedings:

(a) Notice; claim; complaint.

(1) (A) (i) Except as provided in clauses (ii) through (v), in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute, with respect to which the Government is required to send written notice to interested parties, such notice shall be sent in a manner to achieve proper notice as soon as practicable, and in no case more than 60 days after the date of the seizure.

As to the individual claimant, 18 U.S.C. § 983(a)(2) provides:

(A) Any person claiming property seized in a nonjudicial civil forfeiture proceeding under a civil forfeiture statute may file a claim with the appropriate official after the seizure.

(B) A claim under subparagraph (A) may be filed not later than the deadline set forth in a personal notice letter (which deadline may be not earlier than 35 days after the date the letter is mailed), except that if that letter is not received, then a claim may be filed not later than 30 days after the date of final publication of notice of seizure.

5

(C) A claim shall—
    (i) identify the specific property being claimed;
    (ii) state the claimant's interest in such property; and
    (iii) be made under oath, subject to penalty of perjury.

(D) A claim need not be made in any particular form. Each Federal agency conducting nonjudicial forfeitures under this section shall make claim forms generally available on request, which forms shall be written in easily understandable language.

(E) Any person may make a claim under subparagraph (A) without posting bond with respect to the property which is the subject of the claim.

Defendants seek dismissal of Plaintiff's Complaint pursuant to 12(b)(1) and, alternatively, 12(b)(6). Although the Court lacks jurisdiction to determine the legality of the civil forfeiture, the Court does have jurisdiction to determine whether the statutory requirements were met. *See Valderrama v. United States*, 417 F.3d 1189, 1196 (11th Cir. 2005) ("Plaintiff's action was properly dismissed for lack of jurisdiction because 18 USCS § 983(e) was exclusive remedy for seeking to set aside declaration of forfeiture under civil forfeiture statute; only issue that court could consider was whether plaintiff received appropriate notice in sufficient time to contest agency's action of summarily forfeiting check, and record clearly demonstrated that plaintiff received appropriate notice of seizure and summary forfeiture actions that were taken by Customs.") Moreover, relief pursuant to § 983(e) is limited to individuals who were entitled to notice of the civil forfeiture, but did not receive it: "[a]ny person entitled to written notice in any

nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property . . ." 18 U.S.C. § 983(e); *see also United States v. Comerica Bank*, 384 F. App'x 471, 474 (6th Cir. 2010) (unpublished).

A party is only entitled to relief under CAFRA when they did not receive notice of the forfeiture. *See e.g.*, *In re $20,000 in U.S. Currency*, 523 F. App'x 322, 323 (6th Cir. 2013); *United States v. King*, 422 F. App'x 212, 213 (6th Cir. 2011); *Comerica Bank*, 384 F. App'x at 474 ("As the district court correctly held, Comerica Bank is not entitled to set aside the forfeiture because the bank knew of the seizure of the funds within sufficient time to file a timely claim."). Here, Plaintiff concedes he received the August 7, 2015 notice. (ECF No. 1 at Pg ID 5; ECF No. 24 at Pg ID 118.) Moreover, Plaintiff was present on August 4, 2015 when his property was seized and was aware that CBP was in possession of his property. Although Plaintiff received the notice, he, through his attorney, did not respond to CBP until September 3, 2015. (*Id.* at Pg ID 15.) At this time, he did not file his claim, but requested an extension of time that does not appear to have been either granted or received. Plaintiff did not submit his formal claim until October 23, 2015, which was after the deadline set out in the August 7, 2015 notice. (*Id.* at Pg ID 25.); *see Matthews v. DEA*, 629 F. App'x 723, 726 (6th Cir.

7

2015) ("The district court was correct to dismiss Matthews and Owens's complaint. . . .' Matthews and Owens's § 983(e) claim was meritless, even on their best day, because it was missing an essential ingredient: lack of notice.") Therefore, the Court finds that Plaintiff is not entitled to seek relief pursuant to 18 U.S.C. § 983(e) because he had notice of the seizure and potential forfeiture.

As to Plaintiff's due process arguments, due process requires the government to provide notice "reasonably calculated," under all the circumstances, to place interested parties on notice of the pendency of the action and afford them an opportunity to be heard and present their objections. *See United States v. Erpenbeck*, 682 F.3d 472, 476 (6th Cir. 2012). Plaintiff was provided both notice and an opportunity to be heard in the August 7, 2015 to which Plaintiff failed to timely respond. However, Plaintiff contends CBP was required to give Plaintiff notice of the status of his request for an extension. (ECF No. 24 at Pg ID 120.) Section 983 does not include any reference to extensions of time. CBP complied with constitutional due process when it sent the August 7, 2015 notice three days after the seizure of Plaintiff's property on August 4, 2015. The August 7, 2015 notice set out Plaintiff's options for securing his property and deadlines for doing so. "For due process purposes, the focus must be on the constitutional adequacy of the statutory procedure and not on whether some additional effort in a particular case would have in fact led to a more certain means of notice." *Karkoukli's Inc. v.*

8

*Dohany*, 409 F.3d 279, 284 (6th Cir. 2005); *see also Comerica Bank*, 384 F. App'x at 475 ("Although Comerica Bank may have substantially, albeit incompletely, complied with the statute's claim requirements, . . . the statute neither permits such substantial compliance nor requires the Government to notify a claimant of defects in a purported claim. Therefore, Comerica Bank may not set aside the forfeiture based on substantial compliance or the Government's failure to notify it of defects in its filing.") As such, CBP was not required to respond to Plaintiff's request for an extension of time and requiring CBP to have done so would effectively enhance the due process requirements of § 983(e). Therefore, the Court finds that CBP complied with constitutional due process when it sent Plaintiff the August 7, 2015 notice.

Finally, Plaintiff argues that he is entitled to equitable tolling. Plaintiff contends "CBP still has yet to establish that there was any criminal wrong-doing that would entitle it to forfeiture, and no such hearing has been held, Plaintiff is entitled to equitable tolling, where the delay in making his claim was a good faith effort to preemptively establish his innocence." (ECF No. 24 at Pg ID 124.) Although the Court recognizes Plaintiff's efforts to secure his property, the Court does not have jurisdiction to consider the merits of the civil forfeiture, including the timeliness of Plaintiff's petition. The relief provided in § 983(e) is limited to

those persons who were entitled to notice but did not receive notice of a potential forfeiture. Here, it is undisputed that Plaintiff received the required notice.

## IV. Conclusion

For the reasons set forth above, the Court grants Defendants' motion to dismiss.

Accordingly,

**IT IS ORDERED** that Defendants' motion to dismiss (ECF No. 20) is **GRANTED**.

Dated: January 18, 2018

s/Linda V. Parker
U.S. District Court Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 18, 2018, by electronic and/or ordinary mail.

s/Julie Owens acting in the Absence of Richard Loury
Case Manager